UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIELLE R.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C20-0766-SKV

ORDER AFFIRMING THE
COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and/or Disability Insurance Benefits. Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in 1970, has a GED and additional training to be a medical assistant, and has worked as a nurse assistant, medical assistant, taxi driver, and phlebotomist. AR 219, 1732. Plaintiff was last gainfully employed in 2010. AR 42.

In June 2011, Plaintiff applied for benefits, alleging disability as of April 1, 2009. AR 185-95. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff

requested a hearing. AR 117-23, 128-43. After ALJ Glenn G. Meyer conducted a hearing in August 2012 (AR 33-62), he issued a decision finding Plaintiff not disabled. AR 11-21.

The Appeals Council denied Plaintiff's request for review (AR 1-7), but the U.S. District Court for the Western District of Washington reversed ALJ Meyer's decision and remanded the case for further administrative proceedings. AR 1066-89. ALJ Meyer held hearings in February and October 2016 (AR 958-1034), and subsequently issued a decision finding Plaintiff not disabled. AR 934-49. Plaintiff appealed, and the U.S. District Court again reversed ALJ Meyer's decision and remanded the case for further administrative proceedings. AR 1804-39.

A different ALJ, Kimberly Boyce, held a hearing in November 2019 (AR 1726-67), and subsequently issued a decision finding Plaintiff not disabled. AR 1691-1714. Plaintiff now seeks review of this final agency decision. Dkt. 7.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] ALJ Boyce found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since her alleged onset date.

**Step two**: Plaintiff has the following severe impairments: cervical degenerative disc disease, diabetes mellitus, asthma and chronic obstructive pulmonary disease, obesity, depressive disorder, anxiety disorder, post-traumatic stress disorder, and cocaine and heroin use disorders.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity ("RFC")**: Plaintiff can perform light work with additional limitations: she can never climb ladders, ropes, or scaffolds. She cannot work at unprotected heights or in proximity to hazards such as heavy machinery with dangerous moving parts. She can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She can occasionally reach overhead and can frequently reach, handle, and finger. She can perform work in which concentrated exposure to extreme cold, heat, wetness, pulmonary irritants, or vibration is not present. She can perform

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

simple duties that can be learned on the job in a short period. She can cope with occasional work setting change and occasional, routine interaction with supervisors. She can work in proximity to co-workers, but not in a team or cooperative effort. She can perform work that does not require interaction with the general public as an essential element of the job, but occasional incidental contact with the general public is not precluded.

**Step four**: Plaintiff cannot perform past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 1691-1714.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is

susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.  *Id.*

# DISCUSSION

Plaintiff argues ALJ Boyce erred in assessing the medical evidence and discounting her subjective allegations.[3]  The Commissioner argues ALJ Boyce's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

## A.    The ALJ Did Not Err in Assessing the Medical Evidence

Plaintiff challenges ALJ Boyce's assessment of certain medical opinion evidence.  *See* Dkt. 27 at 3-14.  Plaintiff acknowledges that ALJ Boyce's assessment of the medical evidence primarily incorporated by reference reasoning provided in ALJ Meyer's most recent decision, which was found to be supported by substantial evidence in a previous court remand order.  Dkt. 27 at 3 (citing AR 1812-30).  This acknowledgement belies Plaintiff's purported dispute as to whether the prior court remand order affirmed the prior ALJ's assessment of the medical evidence.  The prior court remand order did not find any error in ALJ Meyer's assessment of the medical evidence, and remanded solely for reconsideration of Plaintiff's subjective allegations.  *See* AR 1839.

Because the prior court remand order (AR 1812-30) found no harmful error in ALJ Meyer's assessment of the medical opinion evidence (1780-83), and ALJ Boyce incorporated those affirmed findings by reference (AR 1709-11), the Court finds that the prior court remand order's findings as to ALJ Meyer's assessment of the medical opinion evidence constitutes the law of the case with respect to the opinions of Kin Lui, M.D.; Chang Shin, M.D.; Michael Chun,

---

[3] Plaintiff also assigns error to the ALJ's RFC assessment and step-five findings, but in doing so only reiterates arguments made elsewhere.  Dkt. 27 at 17-18.  Therefore, this assignment of error need not be addressed separately.

M.D.; Steven Johansen, Ph.D.; Michael Gstohl, LMHC; Ernesto Vargas, B.A.; Jessie Enell, ARNP; Michelle Kelly, M.A.; Steven Wheeler, D.C.; Phyllis Sanchez, Ph.D.; Patricia Kraft, Ph.D.; Sharon Underwood, Ph.D.; Michael Brown, Ph.D.; and Olegario Ignacio, Jr., M.D. *See Herrington v. Cty. of Sonoma,* 12 F.3d 901, 904 (9th Cir.1993) ("The law of the case doctrine states that the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case.").

Plaintiff also argues that ALJ Boyce erred in finding Plaintiff's chronic pain syndrome to be not severe at step two, and that this error tainted ALJ Boyce's assessment of Plaintiff's testimony. Dkt. 27 at 8. The prior court remand order addressed this argument and found that Plaintiff had failed to establish harmful legal error, and this constitutes the law of the case on this issue as well. *See* AR 1820.

Given that the district court has already considered and rejected Plaintiff's arguments with respect to the ALJ's assessment of the medical opinion evidence and the step-two findings, the Court will not reconsider those portions of ALJ Boyce's decision. *See Stacy v. Colvin*, 825 F.3d 563 (9th Cir. 2016) (discussing the law of the case doctrine in the Social Security context). Although there are exceptions to the law of the case doctrine, Plaintiff has not shown that any of them are present in this case: she contends in conclusory fashion that the "totality of the evidence here is substantially different from the evidence that was considered by ALJ Meyers" (Dkt. 29 at 2), but does not identify any meaningful differences. ALJ Boyce explicitly found that Plaintiff presented no new medical opinions that were not considered by ALJ Meyers, and Plaintiff has not shown that this finding is erroneous. *See* AR 1710. Plaintiff's argument notwithstanding (Dkt. 29 at 2), ALJ Boyce did not err in incorporating by reference the affirmed portions of ALJ Meyers' previous decision. *See, e.g.*, *Conejo v. Colvin*, 2014 WL 4264945, at *9 (C.D. Cal.

Aug. 27, 2014) ("Generally, it is not improper for an ALJ to incorporate a previous decision and supplement it with a subsequent decision."); *Mason v. Astrue*, 2008 WL 4382662, at *2 (C.D. Cal. Sep. 11, 2008) ("Contrary to Plaintiff's assertion, there is nothing *per se* improper about incorporating prior administrative decisions by reference.").

Plaintiff does reference certain treatment notes not previously addressed in the court remand orders (Dkt. 27 at 10-12 (citing AR 554, 1524-25, 1533)), but fails to show that these notes constitute significant, probative evidence that ALJ Boyce rejected, such that she needed to explicitly explain her rejection. *See Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (holding that an ALJ "may not reject 'significant probative evidence' without explanation" (quoting *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984))).

For these reasons, the Court finds that Plaintiff has not established the existence of harmful legal error in ALJ Boyce's assessment of the medical evidence.

### B. The ALJ Did Not Harmfully Err in Discounting Plaintiff's Subjective Allegations

ALJ Boyce summarized Plaintiff's allegations and explained that she discounted them because (1) the objective medical evidence was inconsistent with the physical and mental limitations Plaintiff alleged; (2) Plaintiff's activities are inconsistent with some of the limitations she alleged; (3) Plaintiff made inconsistent and inaccurate statements to providers regarding drug use, treatment, and her criminal history; and (4) the record indicates she engaged in drug-seeking behavior. AR 1699-1709. Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

A prior court remand order found that ALJ Meyer properly relied on evidence of Plaintiff's inaccurate reporting of drug use and drug-seeking behavior to discount Plaintiff's allegations. *See* AR 1070-72. ALJ Boyce reiterated these reasons in her decision, and they

continue to be legally sufficient reasons to discount Plaintiff's testimony.  Specifically, ALJ

Boyce pointed to evidence that Plaintiff inaccurately reported or denied her drug use and that

providers believed Plaintiff was drug-seeking.  AR 1079 (citing AR 583-84, 1524, 1566, 1572,

1984, 1990, 2117, 2128, 2159, 2169-71).

Plaintiff does not mount any significant challenge to the ALJ's findings with respect to

her lack of candor and drug-seeking behavior.  She states in conclusory fashion that this line of

reasoning does not "justify the ALJ's rejection of [her] testimony" (Dkt. 27 at 17), but the Ninth

Circuit has held otherwise.  *See Thomas*, 278 F.3d at 959 (ALJ properly considered claimant had

not been a reliable historian and presented conflicting information about drug and alcohol use)*;*

*Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (affirming an ALJ's reliance on

inconsistent statements about alcohol use to reject claimant's testimony); *Massey v. Comm'r of

Social Sec. Admin.*, 400 Fed. Appx. 192, 194 (9th Cir. Oct. 19, 2010) (finding ALJ's

interpretation of record that claimant engaged in drug-seeking behavior is a clear and convincing

reason for disregarding his testimony); *Freeman v. Saul*, 785 Fed. Appx. 388 (9th Cir. Nov. 19,

2019) (affirming an ALJ's discounting a claimant's allegations because she "lied to the ALJ and

her treatment providers about her illegal drug use").

Because these reasons are clear and convincing, the Court need not address the

sufficiency of any of the ALJ's other reasons to discount Plaintiff's allegations, because any

error therein would be harmless.  *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d

1155, 1162-63 (9th Cir. 2008).

*//*

*//*

*//*

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 25th day of June, 2021.


S. KATE VAUGHAN
United States Magistrate Judge